```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

THE UNITED CHURCH OF MARCO
ISLAND, INC,

      Plaintiff,

v.                                    Case No:  2:23-cv-331-JES-KCD

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on review of defendant's Motion to Dismiss Count I for Declaratory Judgment of Plaintiff's Amended Complaint (Doc. #24) filed on June 30, 2023.  Plaintiff filed a Response in Opposition to Motion (Doc. #25) on July 18, 2023.

**I.**

The United Church of Marco Island, Inc. (plaintiff or United Church), a non-profit religious entity, purchased an insurance policy from Lexington Insurance Company (defendant or Lexington), a U.S. based surplus lines insurance company, which includes a section titled "Commercial Crime Policy".  Plaintiff appointed Mr. Stephen Tepper as the financial manager and Mr. Douglas Schmitt as the Treasurer, and both are servants and/or employees of plaintiff United Church.  United Church also has a relationship with Mr.

Greg Debski, a Registered Financial Advisor employed by Naples Global Advisors.

On or about March 30, 2022, plaintiff sustained a loss in the amount of $600,000 because of a fraudulent wire transfer. An imposter email impersonating Mr. Schmitt was sent to Mr. Tepper causing funds to be wired to an "illicit bank account". An email impersonation of Mr. Debski also caused the theft of $600,000 from United Church. Defendant denied coverage because Mr. Debski did not meet the definition of a vendor.

In Count I, United Church seeks declaratory relief under 28 U.S.C. § 2201 as to whether the exclusion applies to Mr. Debski and Mr. Schmitt. Defendant asserts that the policy exclusion prevents coverage based solely on impersonation of Mr. Schmitt and/or Mr. Tepper and plaintiff believes the policy covers the lost funds. Plaintiff argues that there is a bona fide actual and present controversy about coverage. In Count II, plaintiff alleges that the failure to fully pay the value of the covered claim is a breach of the policy.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Defendant seeks to dismiss the declaratory judgment claim (Count

I) in the Amended Complaint (Doc. #18) as duplicative of the breach of contract claim (Count II).

"The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides in relevant part that in 'a case of actual controversy ... any court of the United States ... may declare the rights and legal relations of any interested party seeking such declaration.' As the permissive text suggests, a district court has discretion in deciding whether to entertain an action under the Act." Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc, 12 F.4th 1278, 1281 (11th Cir. 2021) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 282–83 (1995)).  "The issue is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Vaughan v. Indep. Specialty Ins. Co., No. 6:23-CV-279-DCI, 2023 WL 3197903, at *2 (M.D. Fla. May 2, 2023) (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)).

The undersigned recently determined that dismissal of a declaratory relief count for redundancy is not required.

> While "some courts dismiss claims for declaratory relief where the plaintiff alleges a parallel breach of contract claim," others "allow the declaratory claim to travel with the breach of contract claim." [Loc. Union No. 808 Iron Workers Pension & Annuity Fund v. Fid. & Deposit Co. of Maryland, No. 6:13-CV-1213-ORL-22KRS, 2013 WL 12155443, at *3 (M.D. Fla. Dec. 24, 2013)] (citing Kenneth F.

3

> Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc., 744 F. Supp. 2d 1305, 1310 (S.D. Fla. 2010)). Additionally, even assuming Plaintiff's declaratory judgment claims are redundant of the breach of contract claims, a motion to dismiss "tests a claim's plausibility – not redundancy." Massey Constr. Grp., Inc. v. Hartford Ins. Co. of the Midwest, No. 2:19-CV-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019) (citing Wichael v. Wal-mart Stores E., LP, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct 30, 2014) (stating a redundant claim should not be dismissed under Rule 12(b)(6) if it is valid). Further, the "federal Declaratory Judgment Act and Rule 57 allow for a declaratory judgment even if there is another adequate remedy." Id. (citing Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 151 F. Supp. 3d 1294, 1303 (M.D. Fla. 2015). See Banks v. USAA Casualty Insurance Company, No. 5:19-CV-189-OC-30PRL, 2019 WL 5265356, at *1 (M.D. Fla. May 10, 2019) (holding that the duplicative nature of the declaratory judgment and breach of contract claims did not, alone, warrant dismissal because Rule 8(d) allows pleading in the alternative).

Collaboration Betters the World, Inc. v. Hertz Corp., No. 2:23-CV-131-JES-KCD, 2023 WL 4705837, at *3 (M.D. Fla. July 24, 2023) (quoting Tiro Beachwear Inc. v. Foremost Ins. Co., No. 6:20-CV-425-ORL-22DCI, 2020 WL 5983830, at *3 (M.D. Fla. Apr. 8, 2020)).

> The Court finds that redundancy is not grounds for dismissal under Rule 12(b)(6) for failure to state a claim. Upon review, the Court need not conclude whether or not the declaratory judgment claims are subsumed by the breach of contract claims because the Court is persuaded to not dismiss the claim. In reaching this conclusion, the Court notes that there is no additional burden to Defendant in defending all claims. Since the breach of contract claim

4

> will proceed, discovery will occur in this case. If the declaratory judgment claim is subsumed by the breach of contract claim, there will be no additional discovery burdens as a result of the presence of the other claim. Further, this issue may be better addressed at the summary judgment stage, after discovery is completed. Thus, at this stage of the litigation, Plaintiff has plausibly alleged a declaratory judgment claim. Local Union No. 808, 2013 WL 12155443 at *3.

Id. at *4. The Court agrees with Tiro. The motion to dismiss will be denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Count I for Declaratory Judgment (Doc. #24) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of July 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

5